FILED
2010 Nov-01 PM 03:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TELESIA LOYD,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) CV-08-BE-2256-S |
| **MILAN EXPRESS,** | ) ) ) |
| **Defendant.** | ) ) |

**MEMORANDUM OPINION**

On August 17, 2010, the Magistrate Judge's Report and Recommendation (doc. 29) was entered on Defendant's Motion for Summary Judgment (doc. 14), the Magistrate Judge concluding that the motion was due to be granted in its entirety.  Plaintiff filed objections to the Report and Recommendation on September 1, 2010 (doc. 31), and Defendant responded to those objections on September 15, 2010 (doc. 32).   The case was reassigned to this court.

After careful consideration of the record in this case and the Magistrate Judge's Report and Recommendation, the Plaintiff's objections, and the Defendant's response, the court ACCEPTS in part and REJECTS in part the Magistrate Judge's recommendations, and finds that Defendant's motion is due to be GRANTED in part and DENIED in part, as further explained below.

The Magistrate Judge concludes in his Report and Recommendation that Defendant's motion for summary judgment is due to be granted as to her *pregnancy-based* discriminatory

1

layoff claim. However, the court finds that when it views the evidence regarding this claim in the light most favorable to Plaintiff, as it is bound to do at the summary judgment stage, a genuine issue of material fact exists and renders this case inappropriate for summary judgment. For example, a genuine issue of material fact exists as to whether Defendant's articulated reason for terminating Plaintiff was a pretext for pregnancy discrimination in light of the following evidence: that Defendant deviated from its own written policies or procedures regarding layoffs and reductions in force when Plaintiff was selected for lay-off despite her seniority, and further, that the decision was made while Plaintiff was out on maternity leave, one day after she informed the decision-maker about returning from leave and needing an additional day off for a doctor's appointment related to her childbirth. Although the Magistrate Judge's report points to the decision-maker's "good faith" but mistaken belief that he was following company policy, the court finds that the conclusion on this issue was based upon an impermissible credibility determination and requires an impermissible inference in favor of the Defendant, the moving party. The court REJECTS the Magistrate Judge's recommendation on this issue and finds that Defendant's motion for summary judgment on the pregnancy-based discriminatory layoff claim is due to be DENIED.

Plaintiff does not object to the Magistrate Judge's findings regarding her *race-based* discriminatory layoff claim. The court will ADOPTS the Magistrate Judge's Report on the race-based discriminatory layoff claim, ACCEPTS his Recommendation on this issue, and finds that Defendant's motion for summary judgment is due to be GRANTED on this issue.

However, Plaintiff also argues that the Magistrate Judge erred in his Report and Recommendation by finding that any claim for discriminatory discipline – separate and distinct

from her discriminatory layoff claims – was not properly pled in her Complaint. The court agrees with the Magistrate Judge that Plaintiff did not properly plead this claim in her Complaint and, therefore, ADOPTS the Magistrate Judge's Report on the discriminatory discipline claim and ACCEPTS the Magistrate Judge's Recommendation on this issue. Although the Plaintiff did not properly plead this claim in her Complaint, to the extent that she now attempts to assert a claim for discriminatory discipline distinct from discriminatory layoff, the court finds that summary judgment is due to be GRANTED on any discriminatory discipline claim.

      This case will proceed to trial on the pregnancy-based discriminatory layoff claim.

      Dated this 1st day of November, 2010.

                                          _____
                                          KARON OWEN BOWDRE
                                          UNITED STATES DISTRICT JUDGE